---

(28 Misc. Rep. 110.)

### In re STURGES.

(Surrogate's Court, New York County. June, 1899.)

WILLS—BEQUEST IN TRUST—VALIDITY.

> Testatrix bequeathed a fund to the selectmen or other municipal authorities of a parish in a certain town in Massachusetts, in trust for certain purposes. There are no such officers. The town, under the laws of Massachusetts, is entitled to take by bequest, and has its selectmen. Under the laws of Massachusetts the courts of that state could effectuate the intent of testatrix by appointing a competent trustee to administer the gift. *Held* ineffectual to validate the bequest under the laws of New York, which require some person or body personally able or competent to receive and administer the trust.

Proceedings upon an application for an accounting by Thomas Sturges, as trustee of Catherine Sturges, deceased, involving the validity of a bequest by deceased to the selectmen of the East parish of the town of Barnstable, Mass. It was adjudged to be void.

Cowen, Wing, Putnam & Burlingham, for town of Barnstable.

Butler, Notman, Joline & Mynderse, for executor.

VARNUM, S. The application herein was heard by Surrogate ARNOLD, and has now been submitted to me for decision. The testatrix was a resident of this state at the time of her death, which occurred in the year 1877. After bequeathing the income of a certain fund to a certain designated person for life, she gave the fund, upon the death of the beneficiary, to the selectmen or other municipal authorities of the East parish of the town of Barnstable, in the state of Massachusetts, in trust to apply the income, in their discretion, for the relief of respectable native-born persons in reduced circumstances in said parish, who are not wholly dependent upon the town or parish for their support. It appears that there are no such officers as the selectmen of the parish mentioned, and none known as,

or having the functions of, municipal authorities. The parish is simply part of the village of Barnstable, which, with a number of other villages, forms the town of Barnstable. The town is entitled to take by bequest, and has its selectmen, who, besides being invested with other public duties, are the assessors and overseers of the poor, and exercise the functions of their office throughout the several villages making up the township. Under these circumstances the validity of the bequest is attacked. There can be no doubt that, if the bequest had been given to be administered here, it would have been illegal under our laws. Fosdick v. Town of Hempstead, 125 N. Y. 588, 26 N. E. 801. The act of 1893 (chapter 701), having been enacted since decedent's death, has no application. People v. Powers, 147 N. Y. 104, 41 N. E. 432. A bequest, however, made by a resident of this state to a legatee domiciled elsewhere, and competent, under the laws of his domicile, to take the same for the purposes for which it has been given, is valid under our laws, although by those laws it would be invalid if made to a resident of this state. In re Huss, 126 N. Y. 537, 27 N. E. 784; Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558; Society v. Hale, 29 App. Div. 400, 51 N. Y. Supp. 704; In re Lang's Will, 9 Misc. Rep. 521, 30 N. Y. Supp. 388; In re Leo-Wolf's Estate, 25 Misc. Rep. 469, 55 N. Y. Supp. 650. In the present case, the evidence which had been submitted to aid the court in the disposition of the question presented for decision shows that there are no such persons or officers as those to whom the bequest was expressed to be made. It further establishes (and its effect is not obviated or impaired by any of the decisions which have been submitted upon the subject) that neither the town of Barnstable nor its selectmen would have been capable, under the laws of the state of Massachusetts, of taking the gift, if it had been given expressly, or could have been treated as constructively made, to the town itself, or to its selectmen. Notwithstanding the nonexistence of a legatee competent to take the legacy under the laws of Massachusetts, the testimony, coupled with the cases cited in support of it, further seems to prove that the purposes for which the bequest was made are regarded as valid by those laws, and that the courts of that state could effectuate the intention of the testatrix by appointing a competent trustee or trustees to administer the gift. This, however, is not sufficient to validate the bequest under our laws. They require, in addition to the circumstance that the objects or purposes of the bequest are of such a character that it could or might be effectuated in the place where it was intended by the testator to be administered, that there should be some person or body presently able or competent to receive and administer it. Bascom v. Albertson, 34 N. Y. 584; In re Huss, 126 N. Y. 537, 27 N. E. 784; Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558; Society v. Hale, 29 App. Div. 398, 51 N. Y. Supp. 704; and other cases cited supra. There is no such person or body in the present instance. The bequest in question is therefore void, and the property attempted to be disposed of by it passes to those to whom the testatrix has given her residuary estate.

Decreed accordingly.