THE ASSOCIATE ALUMNI OF THE GENERAL THEOLOGICAL SEMINARY OF THE PROTESTANT EPISCOPAL CHURCH IN THE UNITED STATES OF AMERICA, Respondent, *v.* THE GENERAL THEOLOGICAL SEMINARY OF THE PROTESTANT EPISCOPAL CHURCH IN THE UNITED STATES, Appellant.

1. INCORPORATION OF ALUMNI ASSOCIATION — SUCCESSION TO RIGHTS AND INTEREST IN A FUND. The incorporation of a voluntary association of alumni makes the corporation the successor in rights and interests of the association in a fund raised by the association and transferred to the institution of which they were alumni, on certain terms and conditions respecting the establishment of a professorship.

2. SPECIFIC PERFORMANCE — CONDITIONS AS TO USE OF FUND FOR PROFESSORSHIP — SUBMISSION OF CONTROVERSY. The specific performance of a trust on which an alumni association transferred to an institution a fund for the establishment of a professorship on certain terms and conditions may be decreed on the submission of a controversy, under section 1279 of the Code of Civil Procedure, although under section 1281 the court had no power to grant an injunction in a submitted controversy; and in the absence of any condition that the fund should under any circumstances revert to the donors, a judgment directing the surrender and transfer of the fund to the association is erroneous because this practically would abrogate the trust; it should, therefore, be modified by a

53

direction for the specific performance of the trust with a provision that in case of failure to comply with the conditions the fund be paid over and surrendered either into court or to trustees appointed by the court.

*Associate Alumni* v. *General Theological Seminary*, 26 App. Div. 144, modified.

(Argued May 7, 1900; decided June 12, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1898, in favor of plaintiff, upon the submission of a controversy upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*William G. Choate* and *William H. Harris* for appellant. The fund in controversy is impressed with the trust settled by the donors. There has been neither a breach of trust by the defendant nor a failure of this trust. (2 Perry on Trusts [4th ed.], §§ 733–735, 743; *Trustees Dartmouth College* v. *Woodward*, 4 Wheat. 518; *Ex parte Inge*, 2 R. & M. 590; *Cary Library* v. *Bliss*, 151 Mass. 364; *Sanderson* v. *White*, 18 Pick. 328; *Hadley* v. *Hopkins Academy*, 14 Pick. 240.) Defendant's statute and resolutions of 1883 did not constitute a contract with the alumni association. The statute was merely legislative, affecting the property held in trust by the defendant, and might be repealed by the subsequent action of its trustees. (*Kent* v. *Q. M. Co.*, 78 N. Y. 182; *Harvard College* v. *S. P. T. Education*, 3 Gray, 280; *Fellows* v. *Merin*, 119 Mass. 546; *B. R. Society* v. *Harriman*, 125 Mass. 328; *Winthrop* v. *Attorney-General*, 128 Mass. 258; *Cary Library* v. *Bliss*, 151 Mass. 364.) The plaintiff is not the real party in interest; it did not succeed to the rights of the unincorporated association. (4 Am. & Eng. Ency. of Law, 193; *Pennsylvania College Cases*, 13 Wall. 190; *Matter of N. Y., L. & W. Ry. Co.*, 35 Hun, 220; *Livingston* v. *Lynch*, 4 Johns. Ch. 573; *H. & N. H. R. R. Co.* v. *Croswell*, 5 Hill, 383; Greene's Brice's Ultra Vires [2d ed.], 78, 468; *Snyder* v. *Lindsey*, 92 Hun, 432; *Railway*

*Company* v. *Allerton,* 18 Wall. 233 ; *People's Bank* v. *S. A. R. C. Church,* 109 N. Y. 512 ; *C. Bank* v. *G. T. Church,* 127 N. Y. 361 ; *Krakowski* v. *N. N. Y. B. & L. Assn.,* 7 Misc. Rep. 188 ; *Rudolph* v. *S. B. League,* 23 Abb. [N. C.] 199.) The possession of the fund in controversy by the defendant should not be disturbed by a court of equity, nor should the fund be distributed on account of failure to meet unimportant conditions attempted to be impressed upon the fund by defendant's statute of 1883 even if those conditions are still in force. (*Cary Library* v. *Bliss,* 151 Mass. 364 ; *Sanderson* v. *White,* 18 Pick. 328.)

*William Rand, Jr.,* and *Alexander T. Mason* for respondent. The transfer of the fund in 1883 created a valid trust upon conditions. (*Day* v. *Roth,* 18 N. Y. 448 ; *Gilman* v. *McArdle,* 99 N. Y. 451 ; *Matter of Carpenter,* 131 N. Y. 86 ; *Hirsh* v. *Auer,* 146 N. Y. 13.) The defendant, by violating a fundamental condition of the gift, has committed a breach of trust. (*Gilman* v. *McArdle,* 99 N. Y. 451.) The money transferred by the Alumni Association to the defendant was the property, not of the defendant, but of the association. (Bigelow on Estoppel [4th ed.], 656 ; *Bd. Suprs.* v. *Allen,* 99 N. Y. 532 ; *F. Nat. Bank* v. *Wheeler,* 72 N. Y. 201 ; *Wood* v. *Seely,* 32 N. Y. 105 ; *Horton* v. *Davis,* 26 N. Y. 495 ; *Woburn* v. *Henshaw,* 101 Mass. 193.) The Alumni Association organized in 1832 and this plaintiff are one and the same, and all the rights of the voluntary association are also the rights of this plaintiff. (Bacon on Benefit Societies, §§ 57, 64 ; *Matter of St. Mary's Church,* 7 S. & R. 517 ; *New Orleans* v. *Harris,* 27 Miss. 517 ; *State* v. *Ancker,* 2 Rich. [S. C.] 245 ; Morawetz on Corp. §§ 476, 641 ; Lindley on Company Law, 315 ; 1 Waterman on Corp. §§ 20–31 ; Cook on Corporation Law, § 600 ; *Porter* v. *Robinson,* 30 Hun, 209 ; *Beardsley* v. *Johnson,* 121 N. Y. 224 ; *P. A. Society* v. *Rich,* 45 Me. 553 ; *Wesley Church* v. *Moore,* 10 Penn. St. 273 ; *Zimmerman* v. *Anders,* 6 W. & S. 218 ; *Supreme Lodge* v. *Knight,* 117 Ind. 489.)

CULLEN, J. This controversy relates to the rights of the parties under the donation of a fund of some twenty-five thousand dollars, collected by the alumni of the defendant's seminary, to the defendant for the endowment in that seminary of a professorship, to be designated as the alumni professorship of evidences of revealed religion. This fund was transferred to the defendant by the alumni (at the time a voluntary association) on May 10, 1883, on certain specified conditions which related to the character of the professorship and the duration of the official term of the incumbent, and reserved to the alumni the right of nomination on the occurrence of any vacancy in the chair  Disputes subsequently arose between the defendant and its alumni, the former wishing to change the term of the professor, and claiming to hold the fund as its own property, subject to application for the benefit of the institution in such way as the defendant's trustees might determine, while the alumni claimed that the defendant held the fund solely as trustee for the purposes and upon the conditions prescribed by the alumni when the fund was transferred. Conferences and negotiations were had between the parties, but no definite result or modification of the original conditions was reached, and meanwhile the professorial chair has been left vacant, the defendant either rejecting or failing to act upon the nominations of the alumni. Subsequently the voluntary association of the alumni became incorporated as the present plaintiff and brought an action against the defendant to enforce the trust in which suit issue was joined by the answer interposed by the defendant. Thereafter the parties agreed upon a statement of facts and submitted the controversy to the Appellate Division under section 1279, Code of Civil Procedure.

We entirely agree in the determination of the learned Appellate Division on the rights of the respective parties, and shall attempt to add nothing to the discussion on that subject found in the opinion below. We hold with that court that the plaintiff is the successor in rights and interest of the voluntary association which gave the fund to the defendant; that

as between the plaintiff and the defendant the title of the fund prior to its transfer to the defendant was in the association, and the association was the donor of the fund to the defendant; that the defendant received the fund in trust to apply the same in accordance with the terms and conditions prescribed in the resolutions of the alumni made at the time of the transfer and accepted by the defendant's trustees; and that the defendant has committed a breach of duty in failing to comply with such terms and conditions.

We are of opinion, however, that the Appellate Division erred in the relief awarded. The judgment below directs the defendant to surrender and transfer the fund to the plaintiff. From the opinion of the Appellate Division it would seem that the character of the judgment granted was dictated by a feeling on the part of the court that its powers were somewhat circumscribed from the fact that the controversy was before it, not in an ordinary action in equity but on a submission under the Code. For this reason the court deemed it impracticable to direct a specific performance. At the time the judgment was rendered section 1281 of the Code forbade the granting of an injunction in a submitted controversy. By the amendment of 1899 the inhibition is limited to the granting of a temporary injunction. While the remedy of injunction is doubtless a most valuable adjunct to the enforcement of a decree of specific performance, we do not regard the want of power to grant an injunction as fatal to such a decree.

At the time of the gift of this fund to the defendant the doctrine of charitable trusts or uses was not part of the general law of this state. But by chapter 41 of the Laws of 1868, the defendant was authorized to receive real and personal property in trust among other purposes to found and maintain professorships. It was further provided that such trusts might be created subject to such conditions as might be prescribed by the grantor or donor and not in contravention of law. The trust on which the fund was received by the defendant was, therefore, in express terms authorized by the statute. No provision was contained in the gift that the fund should under

any circumstances revert to the donors. The general rule is " If the trustees of a charity abuse the trust, misemploy the charity fund, or commit a breach of the trust, the property does not revert to the heir or legal representative of the donor unless there is an express condition of the gift that it shall revert to the donor or his heirs, in case the trust is abused; but the redress is by bill or information by the attorney-general or other person having the right to sue." (2 Perry on Trusts, sec. 744; *Sanderson* v. *White*, 18 Pickering, 328; *Vidal* v. *Girard's Executors*, 2 Howard [U. S.], 191; *Mills* v. *Davison*, 54 N. J. Eq. 659.) The judgment below practically abrogates the trust and restores the fund to the plaintiff. To such return the plaintiff was not entitled, though as donor and possessor of the right to nominate to the professorship, it had sufficient standing to maintain an action to enforce the trust. (*Mills* v. *Davison, supra.*) It may be that a trust might entirely so fail, from the purpose for which it was created becoming impossible of accomplishment, that the fund ought to be returned to the donor. On this question we express no opinion as no such case is presented here. Therefore, if in this proceeding it was impracticable to grant a specific performance rather than abrogate the trust, the proceedings should have been dismissed and the plaintiff relegated to its action in equity. But, as already stated, we are of opinion that the court had power to decree a specific performance, and should have done so.

The judgment appealed from should be modified, so that instead of directing a return of the fund to the plaintiff, it should decree that the defendant hold said fund in trust to apply the same upon the terms and conditions specified in the resolutions of plaintiff's predecessors set forth in the agreed statement of facts; that the defendant in all respects specifically perform the terms, conditions and obligations of said trust; that in case the defendant fail to comply with the conditions of the judgment in these respects within a time to be fixed by the Appellate Division, then it forthwith pay over and surrender the fund, either into said court or to trustees to be

appointed by the court for that purpose; and that thereafter the plaintiff may apply to the court for such disposition or application of the fund as may be proper under the circumstances; and that either party may hereafter apply to the Appellate Division for such other and further order or decree to be made at the foot of this judgment as shall be necessary or proper.

As the defendant is responsible for this litigation, though doubtless from an honest mistake as to its rights, the plaintiff must be awarded the costs of this appeal.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment accordingly.