EDWARD W. S. JOHNSTON, as Executor of JOSEPH HUGHES, Deceased, Respondent, v. HENRY HUGHES et al., Respondents, and THE SISTERS OF THE POOR OF ST. FRANCIS, Appellant, Impleaded with Another.

1. WILL — BEQUEST TO HOSPITAL UNDER ERRONEOUS NAME — WHEN BENEFICIARY SUFFICIENTLY DESIGNATED TO ENABLE IT TO TAKE GIFT. Where a testator devised all of his real estate to his executors in trust to sell and dispose of the same and to divide the net proceeds of such sale and give " Three equal fourth parts thereof to the trustees of St. Francis Hospital in the city of New York for the benefit and use of the Blessed Virgin Mary purgatorial fund of said hospital," such provision is not invalid because there was at that time in the city of New York no hospital of that name, where it appears that there was a hospital building and grounds known to the public as St. Francis Hospital which was owned and conducted by a society incorporated under the name of " The Sisters of the Poor of St. Francis" for " the gratuitous care of the sick, aged, infirm and poor" under a statute (L. 1866, ch. 201) which further provided that " no misnomer of said corporation shall defeat any gift, grant or devise provided the intent shall sufficiently appear that any estate or interest was made to be vested in said corporation," and it is found as a fact by the trial court and conceded upon the argument of this appeal that the testator intended that his devise should be paid over to the trustees of that corporation.

2. SAME — WHEN GIFT TO CHARITABLE ASSOCIATION TO BE ADDED TO FUND FOR CERTAIN PURPOSE, NOT MAINTAINED BY ASSOCIATION, IS VALID AND MAY BE ADMINISTERED BY ASSOCIATION. A contention that the gift was void for the reason that the sisters had never maintained in the hospital a " Blessed Virgin Mary purgatorial fund;" that the only possible object of such a fund was the saying of masses for the spiritual welfare of the souls of the dead in purgatory, and that the sisters, as such corporation, had no power to act as trustees for such a fund or purpose, and that it was not for a corporate purpose, is untenable. No trust is created by the will so far as the bequest to the sisters is concerned; there is a devise of real estate to the executors, in trust, coupled with an imperative power of sale, for the purpose of converting the realty into personalty, three-fourths of which is to be given by the executors to the sisters corporation; there is no gift to that corporation in trust for any purpose or for the benefit of any person in being; in terms, it is an absolute gift, and testator's statement, that, it is " for the benefit and use of the * * * purgatorial fund of said hospital," does not indicate an intention, on his part, to cut down the gift or deprive the sisters of the control thereof; it merely indicates a purpose, thus making the gift his primary object and

the use to be made of it his secondary purpose; and while there is no fund for the purpose indicated by testator, as he believed, the sisters corporation is a charitable organization, for " the gratuitous care of the sick, aged, infirm and poor," composed of, and conducted by, sisters of a religious society, so that the use to which testator desired the gift to be devoted is consistent with the object and purpose of the corporation, is included in the powers given to it, and is, therefore, valid.

*Johnston* v. *Hughes,* 112 App. Div. 524, reversed.

(Argued January 22, 1907; decided February 26, 1007.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1906, which affirmed a judgment of Special Term construing the will of Joseph Hughes, deceased.

The facts, so far as material, are stated in the opinion.

*John E. Donnelly, William J. Amend* and *Alfred J. Amend* for appellant. The bequest contained in the will to the " Trustees of St. Francis Hospital" is a valid bequest to the appellant, the Sisters of the Poor of St. Francis. (*N. Y. Inst. for Blind* v. *How,* 10 N. Y. 84; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *R. D. Church* v. *Brandow,* 52 Barb. 233; *Matter of Strickland,* 17 N. Y. Supp. 305.) No trust was created by the use of the words "for the benefit and use of the Blessed Virgin Mary Purgatorial Fund of said hospital," contained in the bequest. The gift was absolute and vested entirely in the appellant the moment the will took effect. (*Matter of Griffin,* 167 N. Y. 71; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Matter of Strickland,* 17 N. Y. Supp. 305; *Crozier* v. *Bray,* 120 N. Y. 366; *Hard* v. *Ashley,* 117 N. Y. 606; *Terry* v. *Wiggins,* 47 N. Y. 512; *Goodwin* v. *Coddington,* 154 N. Y. 283; *Clarke* v. *Leupp,* 88 N. Y. 228; *Clay* v. *Wood,* 153 N. Y. 134; *Bird* v. *Merklee,* 144 N. Y. 544; *Matter of Gardner,* 140 N. Y. 122; *Banzer* v. *Banzer,* 156 N. Y. 429; *Post* v. *Moore,* 181 N. Y. 15.) It is within the corporate powers of the appellant to take the gift of the testator and use it for corporate purposes, and the object which he desired. (*Le Couteulx* v. *City of Buffalo,* 33 N. Y. 333; *People* v. *Manhattan Co.,* 9 Wend. 351;

*Ketchum* v. *City of Buffalo*, 14 N. Y. 356; *Peterson* v. *Mayor, etc.*, 17 N. Y. 449; *Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283, 287; *Gilman* v. *McArdle*, 99 N. Y. 451; *Est. of Black*, 24 N. Y. S. R. 341; 1 Connoly, 447; *Holland* v *Smythe*, 40 Hun, 372; 3 How. [N. S.] 106; *Matter of Hagenmewer*, 12 Abb. [N. C.] 432.)

*Edward W. S. Johnston* and *Lewis Johnston* for plaintiff, respondent. The bequest to the trustees of St. Francis Hospital is invalid, but even if valid the Sisters of the Poor of St. Francis would not be entitled to take. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; 15 Hun, 309; *Crain* v. *Wright*, 114 N. Y. 307; *Robbins* v. *Robbins*, 9 S. W. Rep. 254; 1 R. S. 784, § 1; *Helmer* v. *Shoemaker*, 22 Wend. 137; *Jackson* v. *Robins*, 16 Johns. 538; *Annin* v. *Vandoren*, 14 N J. Eq. 135; *Downey* v. *Borden*, 30 N. J. L. 460; *Jackson* v. *Coleman*, 2 Johns. 392; *Stuart* v. *Walker*, 72 Me. 145; *Ide* v. *Ide*, 5 Mass. 500.)

*John H. Rogan* for defendants, respondents. There is no such person, natural or artificial, as the "Blessed Virgin Mary Purgatorial Fund," and, therefore, there is no beneficiary in existence. (*Spencer* v. *D. C. H. L. Assn.*, 36 Misc. Rep. 393.) The St. Francis Hospital cannot take the bequest. It has no corporate or legal existence. (*Matter of Sturges* 28 Misc. Rep. 110; *Pratt* v. *R. C. O. Asylum*, 20 App. Div. 352.) The defendant, appellant, The Sisters of the Poor of St. Francis, cannot take the bequest because the same is not donated to any of its corporate purposes. (*Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Matter of Crane*, 12 App. Div. 271; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Wolf* 25 Misc. Rep. 469; *Matter of Huss*, 126 N. Y. 537; *Hope* v. *Brewer*, 136 N. Y. 126; *C. U. Society* v. *Hale*, 29 App. Div. 400; *O. R. R. Co.* v. *O. R. R. Co.*, 130 U. S. 1.)

HAIGHT, J. This action was brought to obtain a construction of the last will and testament of Joseph Hughes, deceased.

The testator died on or about the 5th day of May, 1904, at

his residence in the city of New York, leaving a last will and testament which has been duly admitted to probate. By the third paragraph of his will he gave and devised to his executors all of his real estate in the state of New York, in trust to sell and dispose of the same at public or private sale and to divide the net proceeds of such sale as follows: "Three equal fourth parts thereof to the trustees of St. Francis Hospital in the city of New York, for the benefit and use of the Blessed Virgin Mary purgatorial fund of said hospital." There is no controversy with reference to the other provisions of the will, and the question presented with reference to this clause pertains to its validity. There was not, at the time in existence in the city of New York, a corporation by the name of The St. Francis Hospital, but there was a hospital building and grounds known to the public as St. Francis Hospital, which was owned and conducted by a society known as The Sisters of the Poor of St. Francis, who, by chapter 201 of the Laws of 1866, was incorporated under that name, having for its object, as stated in that act, "the gratuitous care of the sick, aged, infirm and poor." The act further provided that "no misnomer of said corporation shall defeat any gift or devise, provided the intent shall sufficiently appear that an estate or interest was made to be vested in said corporation." That the defendant, The Sisters of the Poor of St. Francis, was popularly or generally known and designated by the public as St. Francis Hospital, was found as a fact by the trial court and it was conceded by counsel upon the argument of this case that the testator intended that his devise should be paid over to the trustees of that corporation. It was contended, however, on the part of the respondents that the gift was void for the reason that the sisters had never maintained in the hospital a "Blessed Virgin Mary purgatorial fund;" that the only possible object of such a fund was the saying of masses for the spiritual welfare of the souls of the dead in purgatory and that the sisters, as such corporation, had no power to act as trustees for such a fund or purpose, and that it was not for a corporate use.

29

It may be conceded that if the devise was to the sisters in trust for the benefit of others that they, under the statute by which they were incorporated, were not empowered to execute the trust. But we entertain the view that no trust was created by the will so far as the bequest to the sisters corporation is concerned. There was a gift to the executors of the real estate situated in the state of New York, in trust to sell and dispose of at public or private sale, but this was for the sole purpose of division among the persons or corporations designated by the testator. It was an imperative power of sale vested in the executors, thus operating to convert the real estate into personalty for the purpose of division. Three-fourths of the fund so derived from the sale of the real estate was given to the St. Francis Hospital, so called, but which in fact was the sisters corporation. This bequest, as he states in his will, was " for the benefit and use of the Blessed Virgin Mary purgatorial fund of said hospital." There is no gift to the corporation in trust — no direction for investment or for the payment over of any income or portion of the fund for the use and benefit of any person in being. It is, therefore, quite apparent that no trust was created with reference to the proceeds of the sale of the real estate. As we have seen, there was a gift and devise to the corporation. In terms, it is an absolute gift, but there is added thereto the clause already quoted, for the benefit and use of the Blessed Virgin, etc., which, it is contended, operates to cut down the absolute bequest to a conditional gift limited to a specific purpose, for which the sisters had no power to use it.

In the case of *Clarke* v. *Leupp* (88 N. Y. 228) TRACY, J., in delivering the opinion of the court, says : " It is well settled by a long succession of well-considered cases that when the words of the will in the first instance clearly indicate a disposition in the testator to give the interest, use and benefit of the estate absolutely to a donee it will not be restricted or cut down to any less estate by subsequent or ambiguous words inferential in their intent."

In *Lambe* v. *Eames* (L. R. [10 Eq. Cas.] 267) it is said :

"Whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it."

In *Clay* v. *Wood* (153 N. Y. 134) GRAY, J., says: "Where there is an absolute gift of real or personal property, in order to qualify it or cut it down, the latter part of the will should show an equally clear intention to do so by the use of words definite in their meaning and by expressions which must be regarded as imperative."

Are the words used by the testator definite in their meaning, showing an imperative intent on the part of the testator not to make the gift absolute? It seems to us not. It says that the bequest is for the use and benefit of the purgatorial fund of the hospital. He merely adds it to the purgatorial fund. He makes no imperative or other direction with reference to the use that should be made of it, but leaves it as the fund of the hospital to be disposed of by the authorities thereof. It turns out that there was no such fund in existence and that the only use that could be made of such a fund was the saying of masses for the spiritual welfare of the souls of the dead in purgatory. The fact remains, however, that he thought there was such a fund in charge of the sisters and that he wished his fund to be devoted to a similar use by the sisters, but there is nothing in this that indicates an intention on his part to cut down or deprive the sisters of the control of the bequest. It will be observed that there are no conditional or qualifying words used. Had he made the bequest upon the condition that the sisters should do some specified act inconsistent with their corporate power a different question would have been presented. He has not imposed any conditions whatsoever. He merely indicated a purpose, thus making the gift his primary object and the use to be made of it his secondary purpose. Had he stated the use to be the supplying of clothing to the inmates of the hospital and the sisters had found that it was unnecessary to use it for clothing, but that its use was necessary for the supplying of

food, it would hardly be claimed that the use suggested operated to deprive the bequest of its absolute character and constituted the gift conditional; or even that the diversion of its use to another purpose worked a forfeiture. Should a testator leave to his daughter a sum of money with which to purchase for her use a diamond necklace, the gift would be absolute and vest the money in her, and if she should thereafter choose to invest it in bonds instead of diamonds there would be no cause for complaint that the gift was invalid.

The act incorporating the defendant specifically names a number of sisters, and then states that their associates and successors shall constitute a body corporate and politic. The successors are to be chosen from the society of The Sisters of the Poor of St. Francis. It is a matter of common knowledge that this is a religious society connected with the Roman Catholic church. It appears from the testimony of Sister Josephine, the secretary of the corporation, that there is a chapel connected with the hospital, in which they have morning mass and religious devotion during the day, in which prayers are offered for departed souls. We, therefore, have a charitable corporation organized for the gratuitous care of the sick, aged, infirm and poor to be conducted by the sisters of a religious society. In considering its powers we should give to the provisions of the act a fair and reasonable interpretation, such as was evidently contemplated by the legislature in constituting the sisters a body corporate. The gratuitous care of the sick, aged, infirm and poor call for the exercise of many powers not specifically named. The powers of the corporation are those which are included in those specifically granted, which are necessary or essential to the fulfillment of the purpose for which it was created. It authorizes the doing of that which adds to the comfort and welfare of the persons under the charge of the sisters. It not only includes the supplying of food, clothing, medicine and nursing, but may also properly include the providing of means for physical exercise, the occupation of the mind and the administering of religious consolation to the inmates who

are about to close this life.   It is quite possible that the sick,
aged and infirm persons in this hospital derive great comfort
and peace of mind from the knowledge of the fact that the
sisters daily offer prayers in the chapel for departed souls, and
that such prayers will be continued for their benefit after
they have passed away.  The mind has an important influ-
ence upon the body, and it is not for this court to say that
such consolation and peace of mind may not be beneficial to
them physically and tend to prolong their lives.  The sup-
plying of books and papers to those who could read in the
hospital, by which they may occupy their minds and pass their
time, would not be foreign to the purposes of the corporation,
but instead it would be an act tending to promote their wel-
fare ; and if this be so, may not also the consolation derived
from the religious instructions and prayers of the sisters also
add to the physical comfort and welfare of these beings?
We fail to see why the provisions of this will as to the use
of the bequest by the sisters is not fairly within the legis-
lative intent, one of the powers under the incorporation
which these sisters might properly exercise in their gratui-
tous care of the sick, aged, infirm and poor.  In this case the
bequest was to a corporation duly organized, and it is not,
therefore, subject to the objection that was made in the case
of *Holland* v. *Alcock* (108 N. Y. 312), but is rather in
accordance with the spirit of that decision.  In *Le Couteulx*
v. *City of Buffalo* (33 N. Y. 333) it was held that a corpora-
tion is not limited to the exercise of the powers specifically
granted, but possesses in addition all such powers as are either
necessarily included in those specified or essential to the pur-
poses and objects of its corporate existence.  In *Matter of
Griffin* (167 N. Y. 71) there was a bequest to the Round Lake
Association of the Methodist Episcopal Church, to be pru-
dently invested by the association and the income and profits
arising therefrom to be devoted and applied to the support
and maintenance of the school known as The Round Lake
Summer Institute, and yet it was held that the gift was abso-
lute to the Round Lake Association and was valid.  In *Bird*

v. *Merklee* (144 N. Y. 544) there was a bequest to a Methodist church for the purpose of buying coal for the poor members of the church. Such power was not specifically provided in the articles of incorporation, but it was held that the power was included and the gift was absolute and valid.

We, therefore, conclude that the use to which he' desired the fund devoted is consistent with the object and purpose of the corporation, included in the powers given to it, and is, therefore, valid.

The judgments of the Appellate Division and Special Term should be reversed and judgment ordered for the appellant declaring the bequest valid, with costs payable out of the fund to all parties appearing in this court by separate attorneys and filing briefs.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; GRAY and EDWARD T. BARTLETT, JJ., dissent.

Judgment accordingly.