(74 Misc. Rep. 325.)

In re BALDWIN et al.

(Surrogate's Court, Kings County. November, 1911.)

WILLS (§ 612*)—CONSTRUCTION—ESTATE CONVEYED.

A legacy to an incorporated fraternal association, for the purpose of founding a home on Long Island for destitute Masons, their widows, or children, more especially for Brooklyn Masonic veterans, whom testator desired to have the preference, is an absolute gift to the association; the words relating to the application of the gift being merely precatory.

[Ed. Note.—For other ·cases, see Wills, Cent. Dig. §§ 643, 1387–1392, 1608; Dec. Dig. § 612.*]

Judicial settlement of the account of George Baldwin and others, as executors of the last will and testament of Robert Harris. Decree entered.

Howard C. Conrady, for executors.

Albert W. Linton, for objectors.

Charles Fox, for Limerick Protestant Orphan Society.

Rufus L. Scott, for Trustees of Brooklyn Masonic Veterans.

Fisher & Voltz, for Industrial School Association of Brooklyn, Eastern District.

KETCHAM, S. The first paragraph of the will is as follows:

"First: I give to the Trustees of the Brooklyn Masonic Veterans the sum of one thousand dollars $1000.00 for the purpose of founding a home midway on Long Island for destitute Masons, their widows or children, more especially for Brooklyn Masonic veterans, as it my wish they should have the preference."

The argument that this gift was invalid upon any of the grounds asserted depends upon the assumption that the gift was in trust to found the home, or was qualified by a condition that the home must be founded. These questions are not reached, since the gift is absolute, and the definition by the testator of the purpose to which he desired the gift to be applied is merely precatory. Johnston v. Hughes, 187 N. Y. 446, 80 N. E. 373. There the gift was to the trustees of St. Francis Hospital, "for the benefit and use of the Blessed Virgin Mary purgatorial fund of the said Hospital." It was contended that the gift was void, for the reason that there was no such fund, and that the only possible object of such a fund was the saying of masses for the spiritual welfare of the souls of the dead in purgatory, and that the corporation had no power to act as trustee for such a fund or purpose. This attack upon the gift was avoided by the express holding that the gift was absolute, and was not cut down or qualified by any trust or condition. It is obvious that the words of the will at bar, which were appended to the gift under examination, contained nothing more to cut down or restrict the bequest than was found in the words considered in the case last cited.

As was said upon the trial, there can be no direction with respect to the gift to "the Industrial Home in South Third Street," unless common-law proof be given upon which a finding can be made of the

identity of the legatee intended. The affidavit submitted in this respect is properly objected to and must be disregarded. The executors can only be directed to pay the legacy to the Industrial Home in South Third Street, and, in paying it, must assume the perils of mistake.

The gift to the Protestant Orphan Society of the City of Limerick, Ireland, is properly payable to the Limerick Protestant Orphan Society in Ireland.

The legacies to the executors seem to be waived in schedule F of the account.

The account will be settled accordingly.

Decreed accordingly.