HARRIETTE L. RUNDEL and Others, Plaintiffs, *v.* CITY OF ROCHESTER, Defendant.

Supreme Court, Monroe County, March 20, 1928.

Trusts — termination — action against city of Rochester to recover moneys received by it under will for construction of memorial building — claim is made that city has unreasonably delayed utilizing funds — city justified in delaying construction until trust has been executed — complaint dismissed.

This is an action to recover moneys received by the city of Rochester under a will whereby the city was required to erect, equip and maintain a memorial library and fine arts building on the ground that the city has unreasonably delayed in utilizing the funds. Since the amount available rests in part upon a life estate, not yet expired, the city is justified in not utilizing the funds until the trust has been executed and the moneys are available for the work; therefore, the complaint should be dismissed for failure to state a cause of action.

MOTION by the defendant to dismiss the complaint.

*Carlton A. Fisher, William J. Baker* and *Stephen K. Pollard* [*Claude T. Taggart* of counsel], for the plaintiff.

*Clarence M. Platt* [*George B. Draper* of counsel], for the defendant.

RODENBECK, J. This is a motion to dismiss the complaint on the ground that it does not state a cause of action. The plaintiffs seek to recover of the city of Rochester the moneys received by it, under a clause of the will of Morton W. Rundel, aggregating the sum of $353,968.22 on December 17, 1919, when that amount was paid to the city. The will of the testator provided that the city

should use the moneys bequeathed to it for the purpose of constructing a " Rundel Memorial Building " to be used for the purpose of a library and fine arts. It is claimed that the city has unreasonably delayed the construction of the building, and that the plaintiffs, who are the heirs at law and next of kin of the testator, are entitled to the funds which the city has neglected to use. The complaint attaches a copy of the will, from which, and from the complaint itself, it appears that there is an uncompleted trust, at the expiration of which the city will receive additional moneys for the purposes specified in the will. These additional moneys will amount to a very considerable sum and justify the city in delaying the use of the funds until the trust has been executed and the principal becomes available for the use of the city. Under the terms of the complaint and the will, which is made a part thereof, it appears that all of the moneys designed by the testator for the use of the city are not available, and the city is, therefore, justified in delaying its plans for carrying out the purposes of the testator in connection with the construction of a library and fine arts building, until all the moneys are available for such use. The city might anticipate the value of the trust fund, but it is not, legally, required to do so, and may wait until the trust has been executed. The complaint, therefore, on its face, shows that there is no cause of action and should be dismissed.

So ordered.