## KIBBE et al. v. CITY OF ROCHESTER.

District Court, W. D. New York.
March 23, 1932.

Joseph A. Shay, of New York City, and Philip Leichtentritt and Carlton Fisher, both of Buffalo, N. Y. (Donovan & Raichle, of Buffalo, N. Y., of counsel), for plaintiffs.

Clarence M. Platt, Corp. Counsel, of Rochester, N. Y. (George B. Draper, of Rochester, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is the return of a motion by defendant for judgment on the pleadings, on the ground that the complaint does not state a cause of action.

The motion is made under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice of the state of New York. These provide that the court may, on motion, give judgment at any stage of an action, if warranted by the pleadings. A question of law only can be determined on this motion, and for the purposes thereof the allegations of the complaint are deemed to be true. The complaint alleges that plaintiffs are the heirs and next of kin of Mortimer W.

Rundel, a resident of the city of Rochester, Monroe county, state of New York, who died there November 5, 1911, and that the deceased left a will, executed August 11, 1910, which was admitted to probate in the Surrogate's Court of Monroe county on December 29, 1911. Said will contained the following provision in question here:

"Sixth: Having been interested in works of Art, and wishing to provide a memorial that shall be a pleasure and of use to all of the people of the City of Rochester where I have so long made my home, I hereby give, devise and bequeath all of the rest, residue and remainder of my property, both real and personal and wherever situate, to the City of Rochester, to be used either alone or in connection with other funds in erecting, equipping and maintaining a structure, to be known as the 'Rundel Memorial Building for the purpose of a Library and Fine Arts Building' for the use and enjoyment of all of the people of Rochester. And I hereby consent that said City unite the above bequest and devise with one or more similar bequests, foundations or organizations for the purpose above specified, but this consent is given only upon condition that any such building, the result of such uniting, shall be forever known and designated in whole or in part by the name 'Rundel.' "

This provision was modified by the following codicil provision executed April 17, 1911:

"Third: The Fifth paragraph of said will I hereby change and modify as follows: I give and bequeath to the Rochester Trust and Safe Deposit Company, in trust 150 shares of Eastman Kodak Company common stock, to hold the same and from the income thereof to pay to my sister, Harriett L. Rundel, the sum of $3600.00 yearly, payable in equal quarterly installments, the balance of said income, if any there should be, to be paid over quarterly by said trustee into the residuary fund of my estate; and upon the death of my said sister the principal of said fund to be returned to and become a part of the residue of my estate."

The complaint further states that, although a portion of the funds of the residuary estate of said deceased became available in 1913, and that there was turned over to the defendant in March, 1919, the sum of $353,968.82, and the balance of the residuary estate, to wit, $369,618.66, was turned over to the defendant in December, 1928, defendant has failed to use the same for the purposes set out in the will, and that its neglect constitutes an abandonment of its right to keep and

use such fund, and that the bequest to defendant has lapsed by reason of the defendant's failure to comply with a condition subsequent created by the conditions of the bequest. The plaintiffs, as sole heirs at law and next of kin, claim to be entitled to said residue of the estate, their contention being that the will created a trust, and that the failure of the trustee to use the trust funds for the purposes named within a reasonable time has resulted in an abandonment by nonuse and given rise to a resulting trust to the donor and his heirs.

The defendant contends that no condition subsequent was set up in or results from the testator's will, but that there was an absolute gift to the city, with a trust as to use only, to be interpreted as a covenant, and subject only to action to compel performance. It does not appear nor is it claimed that any part of said fund has been expended for the purposes stated in paragraph sixth of the will.

In 1926 these plaintiffs brought an action in the Supreme Court, New York state, to recover the portion of the residuary estate theretofore turned over to the defendant. That action was based upon substantially the same grounds as claimed here. Rundel v. City of Rochester, 131 Misc. Rep. 674, 227 N. Y. S. 648, 649. On defendant's motion the complaint was dismissed and Trial Justice Rodenbeck in his opinion said, in part: "Under the terms of the complaint and the will, which is made a part hereof, it appears that all of the moneys designed by the testator for the use of the city are not available, and the city is therefore justified in delaying its plans for carrying out the purposes of the testator in connection with the construction of a library and fine arts building, until all the moneys are available for such use." While an appeal was taken in that action, it has never been perfected. Whether this is res adjudicata on the question of the effect of delay in the use of this bequest to that date, as claimed by defendant, is not material, in view of my determination herein.

Coupling the aforesaid provision of the will and the modifying codicil, it seems clear that the testator contemplated the use of the residuary estate by the defendant after the death of the sister, or else he intended that defendant could exercise its discretion in the expenditure of part of the funds prior to his sister's death. As a matter of law, the court properly construed the intention of the testator in the action to which reference has been made. Substantially two years elapsed be-

tween the date of death of testator's sister and the commencement of this action. None of the fund was expended during that time. Standing alone, the question of whether there has been unreasonable delay in the expenditure of the fund since the death of the sister, in my mind, would create a question of fact to be decided on the trial of the issues. But, if defendant's contention as hereinbefore set forth is sustained, then any facts set up in the complaint as entitling these plaintiffs to recover are immaterial.

█ "The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator * * * shall prevail, provided that it be consistent with the rules of law," said Marshall in Smith v. Bell, 6 Pet. 68, 75, 8 L. Ed. 322, decided in 1832. That rule has uniformly obtained here throughout the many intervening years. What can we say from the language of the will was this testator's intention as regards the vesting of this estate, and what is the effect of such language?

█ In the complaint the bequest is referred to as having lapsed. This bequest did not lapse, because there was some one in being at testator's death entitled to take. The city of Rochester is a municipal corporation authorized under general law of the state (General City Law [Consol. Laws N. Y. c. 21] §§ 20 and 21) and under its charter (chapter 755, Laws N. Y. 1907) to accept gifts of this nature. Nor is this legacy one which has failed. A legacy which has "failed" is one which has never taken effect, and never could take effect. The will prescribed no condition to be fulfilled prior to payment of the money to the defendant, and no question is raised that it was not lawfully paid over. We have, therefore, no condition precedent. The question then is whether there is a condition subsequent.

The will contains a specific bequest of the residuary estate to the defendant. There is no language which can be construed as providing for any reversion on the failure of the defendant to carry out the purpose stated. It must be apparent that testator had no thought that defendant would not accept the gift. He made provision in his will for his relatives. There is no expression of the thought of any contingency arising upon which these would be entitled to share otherwise in his estate.

█ In Columbia Railway, Gas & Electric Co. v. State of South Carolina, 261 U. S. 236, 43 S. Ct. 306, 307, 67 L. Ed. 629, we have a clear illustration of the rule applied in the federal courts in determining when a provision in a grant makes a condition subsequent. In that case the grant was made pursuant to legislative authorization and contained the provision "that should the said canal not be completed to Gervais street within seven years from the passage of this act all the rights, powers and privileges * * * shall revert to the state." The canal was not completed to Gervais street. I quote a part of the opinion specially applicable here: "We begin the inquiry with the general rule before us that 'conditions subsequent, especially when relied on to work a forfeiture, must be created by express terms or clear implication, and are construed strictly' * * * and that 'courts always construe clauses in deeds as covenants rather than conditions, if they can reasonably do so.' * * * Here there are no express terms creating, and no words such as are commonly used to introduce, a condition; nor is there any provision giving the right of re-entry upon failure to perform. * * *"

█ In Board of Commissioners of Mahoning County v. Young (C. C. A.) 59 F. 96, 103, we find an exhaustive discussion of many cases bearing on the question discussed here. There the rule is laid down that, if it is intended that a title less than a fee absolute be conferred, the condition limiting it must clearly and unquestionably appear in the words of the instrument. "Conditions are not to be raised readily by inference or argument." Co. Litt. 305-b, 219-b; 4 Kent, Comm. (6th Ed. 129) and 2 Washb. Real Prop. (6th Ed.) p. 6. In Stanley v. Colt, 5 Wall. 119, 121, 18 L. Ed. 502, the devise was to a society "to be and remain to the use and benefit of said * * * society and their successors forever; provided," etc., that the property should not be sold, etc. The property was sold. The heir at law sued, and claimed that the estate had been forfeited by the sale. The court held that the estate was not a conditional one, and that the words of supposed condition were to be construed as a "limitation on the trust" and not as a condition subsequent.

█ The validity of the bequest is to be determined by the law of the state of domicile of the testator. Jones v. Habersham, 107 U. S. 174, 2 S. Ct. 336, 27 L. Ed. 401. There are numerous cases holding that bequests somewhat analogous to that in question are absolute gifts. In New York state, according to the laws of which this bequest is to be construed, one of the earliest cases so holding is Wetmore v. Parker, 52 N. Y. 450. The testator there by his will gave $25,000 to the Utica

Orphan Asylum. The court held: "The gift in this case was to the asylum. It was immediate, and became at once vested. The corporation never could have any other or greater interest than it then had; and no one else had any interest, contingent or otherwise, in it. There was no expectant or future contingent interest in any one." There the fund was to be perpetually invested and the income to be used for the support and maintenance of the .asylum.

In Matter of Griffin, 167 N. Y. 71, 60 N. E. 284, 287, the testator gave all of his residuary estate to the Round Lake Association, the principle to be invested and the income used for the support and maintenance of the school at Round Lake, known as the "Round Lake Summer Institute." The school, which had been connected with the association, subsequently was chartered by the board of regents of the University of the state of New York as an academy of the state. Under this charter, the school could no longer retain a denominational character. The court held that it was not the testator's intention "to create a trust in favor of the incorporated academy * * * but to make an absolute gift, for its own benefit, to the Round Lake Association. * * * Such a gift, though the corporation may be instructed to maintain the principal intact, and use the income only for a specific purpose, does not create a trust."

In Johnston v. Hughes, 187 N. Y. 446, 80 N. E. 373, a gift to the trustees of St. Francis' Hospital for the benefit of the "Blessed Virgin Mary" purgatorial fund was held to be an absolute gift and not in trust.

In Sherman v. Richmond Hose Co., 230 N. Y. 462, 130 N. E. 613, 614, testatrix bequeathed $10,000 to the Richmond Hose Company "to be kept at all times intact and the income derived from the safe and judicious investment thereof to be devoted to the reasonable and proper uses of said company, for whatever purposes its members acting as an organization may see fit to direct." The prevailing opinion held: "This gift created no trust. And, the title of the property vesting at once, there was no suspension of its ownership or of its alienability. * * * The gift to the hose company is absolute in its terms. * * * It is true the principal is to be kept intact, but the income is to be used for fire purposes. We cannot find that such a gift has ever been held to impose a condition. Mormon Church v. U. S., 136 U. S. 1, 10 S. Ct. 792, 34 L. Ed. 481." Here, however, the provision of the bequest was much broad-er than in the Rundel will. It gave the right to the beneficiary to devote the income to whatever purpose the members of the beneficiary saw fit, if reasonable and proper. It was held that a trust was imposed by the charter of the corporation named as legatee.—not by the donor. See, also, Koch v. Streuter, 232 Ill. 594, 83 N. E. 1072; Adams v. First Baptist Church, 148 Mich. 140, 111 N. W. 757, 11 L. R. A. (N. S.) 509, 12 Ann. Cas. 224. Many other cases might be cited.

In Farmers' Loan & Trust Co. v. Shaw, 56 Misc. Rep. 202, 107 N. Y. S. 337, 340, the court here said: "The gifts to the Tuskegee Institute of the two remainders, * * * are by the terms of the will absolute gifts, and without qualification. * * * It is true that a clause in the will relates to treating this fund as a memorial to Ethel Shaw, and to its use as a scholarship fund, but such can be considered as nothing more than the expression of the desire on testatrix's part as to the use to which such money was to be put, and it does not in any way limit or qualify the absolute gift." In the case of In re Baldwin, 74 Misc. Rep. 325, 134 N. Y. S. 405, the testator gave the Brooklyn Masonic Veterans the sum of $1,000 for the purpose of founding a home for destitute Masons, with instructions as to where it was to be built. This was declared an absolute gift to the association and the words relating to the application of the gift merely precatory. In Sands v. Waldo, 100 Misc. Rep. 288, 165 N. Y. S. 654, it was held that the clause of testator's will giving the plaintiffs the residue and expressing the desire that they distribute the same among certain named classes of charities vested in plaintiffs complete title, free from any trust or use whatsoever.

There are also numerous cases somewhat analogous to those in which bequests are held to have created trusts. In Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. 801, 11 L. R. A. 715, the testator gave one-half of the residue of his estate to be kept as a fund for the support of the poor of said town and to be known as the "Hewlet Fund," the court held the gift to be in trust.

In Matter of Turk, 128 Misc. Rep. 803, 221 N. Y. S. 225, testatrix left all her property to the commissioners of Mt. Hope Cemetery to be used for perpetual care of her cemetery lot. The commissioners were appointed by the mayor of the city; the cemetery being a municipal enterprise. It was held that this was a trust for a private purpose, and therefore the public officers representing the city could not act as trustees, but

that, if it had been for a public purpose, it would probably have been all right.

In Colton v. Colton, 127 U. S. 301, 8 S. Ct. 1164, 1168, 32 L. Ed. 138, a bequest was held to be in trust. The language in the opinion is specially pertinent here. It is said: "No technical language, however, is necessary to the creation of a trust, either by deed or by will. It is not necessary to use the words 'upon trust' or 'trustee,' if the creation of a trust is otherwise sufficiently evident. If it appear to be the intention of the parties from the whole instrument creating it that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties upon the party receiving the title, if it be capable of lawful enforcement."

Jarman on Wills, vol. 1 (5th Am. Ed.) 694, says that any gift accompanied by an imperative direction to apply it to specified purposes is a trust, and the donee takes it with an obligation to devote it to those purposes. See, also, Matter of Sturges, 28 Misc. Rep. 110, 59 N. Y. S. 783; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464, 52 Am. Rep. 41.

A paragraph in the will in Jones v. Habersham, supra, providing for a gift not expressly stated to be in trust, but having conditions upon which it is limited, was held to create a trust. In Handley v. Palmer, 91 F. 948, 950 (C. C. W. D. Pa.), the testator left his residuary estate "to the city of Winchester, Virginia, to be accumulated by said city for the period of twenty years; the income arising from said residue estate to be expended and laid out in said city by the erection of school houses for the education of the poor." The court assumed that this was a trust.

In Barker v. Petersburg, 41 Ind. App. 447, 82 N. E. 996, 997, the will contained the following paragraph: "After all bequests have been paid and all indebtedness of my estate settled, I will and bequeath to Petersburg, Indiana, the residue for the erection of a public school building in said town." The court appears to assume that there was a trust. It holds: "Appellants admit that the town 'can take as a trustee,' but say that under this will the trust is void for indefiniteness." In that case the court upholds the gift.

Following either one of these lines of decisions will not avail the plaintiffs. If the gift to the city of Rochester is an absolute gift, of course the plaintiffs have no claim to it, but, even if it were found to be a trust, plaintiffs could not recover, for there is no provision for reverter. The effect of a condition subsequent must be to create a reverter, and in this case reversion could only result after failure of defendant to perform. At the best there could have been only a possibility of a reverter. The only condition expressed in the will is in the clause which provides for the use of the name "Rundel" in the use of the legacy. This, of course, is a condition that could only arise after the application of the funds to the construction intended.

Even were there an abandonment by nonuser, the funds would not revert to the donor or his heirs. In Re Mt. Sinai Hospital, 128 Misc. Rep. 476, 219 N. Y. S. 505, 518, the court said: "In the absence of express provision for reverter, there would be none. Associate Alumni, etc., v. General Theological Seminary, 163 N. Y. 417, 57 N. E. 626. The funds would pass to the state with the remainder of the personalty, to be administered under the cy pres doctrine."

In Associate Alumni v. General Theological Seminary, 163 N. Y. 417, 57 N. E. 626, 627, the court states: "The general rule is: 'If the trustees of a charity abuse the trust, misemploy the charity fund, or commit a breach of the trust, the property does not revert to the heir or legal representative of the donor, unless there is an express condition of the gift that it shall revert to the donor or his heirs in case the trust is abused; but the redress is by bill or information by the attorney general, or other person having the right to sue.' * * * It may be that a trust might entirely so fail, from the purpose for which it was created becoming impossible of accomplishment, that the fund ought to be returned to the donor. On this question we express no opinion, as no such case is presented here."

This case repudiates American Church Missionary Society v. Griswold College et al., 27 Misc. Rep. 42, 58 N. Y. S. 3, contra, and is quite similar to the case in hand, since there, as here, the purpose of the testator was not incapable of fulfillment. Cases to the same effect are many. In the case of Reformed Protestant Dutch Church v. Mott, reported in 7 Paige (N. Y.) 77, 32 Am. Dec. 613, the conveyance is in trust, to be held to certain uses forever. The court said: "There is no doubt therefore * * * that * * * the legal as well as the equitable title to the premises * * * was absolutely vested in the corporation of such collegiate churches,

for the use of its corporators. And no subsequent violation of the trust upon which the property was held, can ever revest either the legal or equitable title in the heirs of Samuel Bayard, or in the heirs of the original trustees; although a palpable breach of trust might form a proper ground for an application to the court of chancery, on the part of the corporators, or by the attorney general, to compel the due execution of the trust."

In Stewart v. Franchetti, 167 App. Div. 541, 153 N. Y. S. 453, 457, we find the following statement: "It is well settled that when a valid charitable trust is created, without provision for a reversion, the interest of the donor is permanently excluded. In the absence of such a provision the title to the property does not revert to the donor or his representatives."

Plaintiffs cite Campbell v. Kansas City, 102 Mo. 326, 13 S. W. 897, 10 L. R. A. 593; Carlisle County v. Norris, 200 Ky. 338, 254 S. W. 1044, 38 A. L. R. 41; and Camp v. Presbyterian Society et al., 105 Misc. Rep. 139, 173 N. Y. S. 581, 589, in support of a reversion to the donor. The latter case is distinguishable from the present action in that there the testator had a single object in view which became impossible of performance, while here the plaintiffs do not claim that the principal object of the gift is impossible of fulfillment but only that it has not been fulfilled. True, they claim that it was also testator's intention to keep his name before his own generation, but the fact that he set up a life trust in about one-half of his residuary estate for his sister, who was of his own generation, and whom he expected to live a normal life and not to die any considerable time before the others of his generation, shows that this is a strained interpretation, and that testator did not have, as his main purpose in making this worthy gift, the remembrance of his name by his own generation. The Campbell Case is also different from the present case, in that there the trustee made a different use of the property from that directed, and refused to properly apply it, and the case of Carlisle County v. Norris differs, in that there the purpose failed because no one would use the plot for burial purposes.

■ Plaintiffs attempt to differentiate between those cases involving a reversion because of breach of the condition and those where there is a breach by nonuse. It seems to me that, if the reason is sound which leads the courts to avoid constructions which will cause a reverter because of the breach of a condition subsequent, when the benefits are received and used with a subsequent failure of performance, it is just as important to avoid a construction which will cause a reverter merely because the trustee has not undertaken the carrying out of the purpose designated by the testator.

■ I find no violation of the statute against accumulations as contended by the plaintiff. In the case of Camp v. Presbyterian Society et al., above, the court said as follows: "It is, however, urged on behalf of the residuary legatees that the fund in question constitutes an unlawful accumulation, and therefore falls into the residuary estate. I do not so understand the case. The will contains no direction for such accumulation and it merely results incidentally from the administration of the trust. The rule condemning such accumulations only maintains where the will expressly or impliedly authorizes the same."

The following quotation is from Matter of Langdon, 89 Misc. Rep. 333, 153 N. Y. S. 574, 576: "The balance of the principal of the estate the executor should hold in trust for the daughter during her life, and from the income thereof make the annuity payment and satisfy all expenses of the daughter's maintenance, and should hold any surplus income thereof to meet and defray any unforeseen additional or extraordinary expense for the maintenance and support of the testator's daughter which does not now exist. No express direction for an accumulation is contained in the will, and the necessary accumulation yearly resulting from the use of but a portion of the income is not a void accumulation under the statutes." For other cases to the same effect see Matter of Bavier, 164 App. Div. 359, 149 N. Y. S. 728, and Hill v. Guaranty Trust Co., 163 App. Div. 374, 148 N. Y. S. 601.

In the Rundel will there is no direction for an accumulation, and there is no necessity for the immediate expenditure of the income from the fund set aside for the building. No definite time has been set for the erection of the building, but it is rather, and wisely, left to the discretion of the donee. If the donee has not seen fit to build immediately, it cannot be said that the gift is invalid because the donee has not kept it so that there would be no income. St. John v. Andrews Institute for Girls, 191 N. Y. 254, 83 N. E. 981, 14 Ann. Cas. 708, cited by plaintiffs, is not similar to the case before us, inasmuch as there the residue of testator's estate was given to an institution not yet in existence. Of course, in that case, there must have been an accumulation of the income until the time such school

was organized, but here the city was already in existence, and could take the gift at once. The defendant does not contend that it could not use the money immediately on its becoming available for carrying out the testator's purpose, but only that it deemed it inadvisable to so do, and that it was not required to do so by the terms of the gift.

It is clear from the language of the will and codicil that the testator had the single definite intention in mind that his residuary estate should be used by the city of Rochester for the erection and maintenance of a "Rundel Memorial Building." The bequest was for an educational purpose. Such purpose is one of those for which the Personal Property Law of New York state, under a trust, can be created, and in which legal title is vested in the trustee. The defendant is a municipal corporation clothed with authority to accept gifts for the purpose intended in this will, and hence authorized to act as a trustee under the provisions of the gift. General City Law (Consol. Laws N. Y. c. 21) §§ 20 and 21; Charter of City of Rochester, chapter 755, Laws of New York 1907, and Personal Property Law (Consol. Laws N. Y. c. 41) § 13: Matter of Crane, 12 App. Div. 271, 42 N. Y. S. 904, affirmed 159 N. Y. 557, 54 N. E. 1089.

The city of Rochester was the intended trustee for the people of that city. The will expressly provides that the memorial "shall be a pleasure and of use to all of the people of the City of Rochester," and that it shall be "for the use and enjoyment of all the people of Rochester." Here we have all the elements of a trust—a fund, a trustee, and a cestui que trust. They are all unmistakably set out in the will. The acceptance of the fund creates the obligation on the part of the city of Rochester to carry out the purpose for which it was designed.

A rule of construction, which the court should always have in mind, in the interpretation of bequests such as here, is admirably stated in Matter of Briglin, 208 App. Div. 511, 203 N. Y. S. 646, 648: "The courts are liberal in the construction of charitable gifts. Where one of two possible constructions, fairly within the rules of law, sustains the trust, and devotes the fund to purposes permitted by the law, that construction should be

preferred," and in Matter of Durbrow, 245 N. Y. 469, 157 N. E. 747, 748, "The intention to make a gift for charitable and religious purposes pervades and dominates the whole bequest and the court will give it effect, if it is possible so to do, by the application of the most liberal rules of construction that the law will permit." While, of course, this bequest is not a "charitable or religious" bequest, but an educational one, the same rule of construction should obtain. Colton v. Colton, supra.

In my opinion, the legacy created a trust in which the title is in the city of Rochester, subject to being enforced by action brought by any party in interest. I do not think that under the provisions of this will the defendant would have the right to use this fund for any purpose it desired within the limitations of its charter and the statute. If I am wrong in this conclusion, and as a matter of law, the defendant obtained absolute title to the fund in question, limited only by its charter and liable to be expended by defendant for any purpose within the charter authorization, it will make no difference with the rights of the plaintiffs.

Holding, as I do, that the defendant is trustee of the fund in question for the people of the city of Rochester, and finding that there is nothing on which a reverter or condition subsequent can be predicated, I conclude there is no resulting trust in favor of the plaintiffs, and that they show no interest entitling them to maintain this action. The only action maintainable is one as upon a covenant upon failure to perform, brought by one or more of those for whose benefit the trust was created. It therefore follows that no material allegation of fact is controverted by the answer.

Subsequent to the submission of this case, an application was made for an injunction restraining the defendants from interfering with or disposing of any of the fund in question, pending the decision on this motion. In view of the decision now made, it is not necessary to pass upon such application.

The motion of the defendants for judgment on the pleadings upon the ground that the complaint does not state a cause of action is granted.