HUGH MONTAGUE and Others, Plaintiffs, *v.* THOMAS F. COONEY and Others, Defendants.

Supreme Court, New York County, December 23, 1932.

*Jeremiah A. O'Leary* [*John T. Ryan* of counsel], for the plaintiffs.

*John J. Kirby* [*Edmund L. Mooney* of counsel], for the defendants.

COHN, J. The plaintiffs, contributors to the Irish Victory Fund, have in a representative capacity, instituted this action to require the defendants to account for the proceeds of the fund and to compel the defendants to turn over to the plaintiffs the unexpended balance now under defendants' control. The defendants in the action are Friends of Irish Freedom, a voluntary unincorporated association which will, for the purpose of convenience be hereinafter referred to as the " Association," numerous officers of the Association, and the Friends of Irish Freedom, Inc., a membership corporation. The action, instituted almost ten years after the fund had been collected, is based upon the claim that the contributors as such have the right to an accounting of all moneys which came into the possession

of the defendants and that any balance remaining should be distributed *pro rata* amongst all known contributors because the purposes for which the fund was originally created have been attained. There is no claim made, nor has there been any proof, that there has been any misappropriation or misapplication of any of the moneys collected by the defendants. In fact, as to a very large portion of the fund four of the individual plaintiffs, while still members of the defendant " Association," approved all disbursements which were made for various proper and necessary purposes. Waiving entirely the question of laches in instituting this suit, upon a careful review of all the evidence and an examination of the exhibits, I have reached the conclusion that the Irish Victory Fund is not a trust fund, but that the moneys which comprise it when received by the defendant " Association " became its absolute property. The " Association " in January, 1919, initiated and thereafter brought to a successful conclusion the Irish Victory Fund drive in pursuance of the provisions of its own constitution. On February 22, 1919, it convoked the Irish Race Convention in the city of Philadelphia. At the convention, which was attended by delegates representing the various branches of the " Association " and also by accredited and approved representatives of outside organizations, the fund was pledged by resolutions duly adopted. Later the " Association " completed its work by conducting an extensive advertising and publicity campaign and by circularizing printed appeals among its membership, and among those amicably disposed. In August, 1919, the drive was brought to a close. All the money donated came from members of the " Association," from contributors at public places, in theatres, on the highways, and in many instances through the mails. The names of many of the subscribers are unknown. In some instances money was transmitted with the express statement that the contributions were to be regarded as outright gifts to the " Association." There is no proof that any donation made to the defendant " Association " carried with it an express reservation for a reversion. The funds were not in any way ear-marked and their collection was entirely under its auspices. All collections were ultimately delivered to the " Association's " national treasurer. Clearly it was the intent of all donors to the Irish Victory Fund to contribute their money to the " Association " as outright gifts (*Matter of Welch Hospital* [*Netley*] *Fund* [*In re Thomas* v. *Attorney-General*], L. R. [1921] 1 Ch. Div. 655), and I so find. The court is fortified in its view that these contributions were outright gifts in findings adopted by the Appellate Division of this department in the case of *Irish Free State* v. *Guaranty Safe Deposit Co.* (233 App. Div. 90; affd., 257 N. Y. 618) (Record on

Appeal, p. 849). Joseph McGarrity, one of the plaintiffs in this action, was a member of the Hearn committee, a defendant in that suit.

No trust fund, either express or implied, arose out of the contributions to the Irish Victory Fund whether such contributions were made to be used solely for self-determination for Ireland, as alleged in the complaint, or for that purpose and the numerous other purposes claimed by the defendants. Contributors to a fund may not call upon the trustees or owners of such fund to account, in the absence of a provision for reversion. Even if it were established that the objects for which the fund had been raised were charitable in nature, no resulting trust could spring up in favor of the donors " as there is no resulting trust in a charitable use." The interest of the donor in such a fund is permanently excluded upon the making of his donation, and title to the property does not revert to the donor. (*Ludlam* v. *Higbee*, 3 Stock. [N. J. Eq.] 342; Perry Trusts [7th ed.], § 156; *Associate Alumni* v. *Theological Seminary*, 163 N. Y. 417; *Clark* v. *Oliver*, 91 Va. 421; Zollman American Law of Charities, § 605.) The individual plaintiffs in this action were at the time this fund was collected members of the " Association." In 1921 most of them resigned their membership. If any plaintiff had retained his membership, such member might, under certain circumstances, have the right to the relief of an accounting sought in this action, but no such remedy is available to him in the capacity in which he now sues.

As I have found that all contributions made to the " Association " came as outright gifts, it is unnecessary to consider any of the other questions raised. The plaintiffs have failed to establish the cause of action alleged in their complaint, and I, therefore, grant the motion to dismiss, with an exception to the plaintiffs.