**WALKER v. COMMISSIONER OF INTERNAL REVENUE (two cases).**

**Nos. 8449, 8450.**

Circuit Court of Appeals, Fifth Circuit.

July 21, 1937.

298

T. C. Wilkinson, of Brownwood, Tex., for petitioner.

Ellis N. Slack and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge

These two cases involve the same issues and may be conveniently disposed of together. J. A. Walker and wife, M. Elizabeth Walker, filed separate returns for income taxes for the year 1930, dividing the community income, under the laws of Texas, and taking a deduction of $5,000 each for a charitable donation, hereafter referred to. The Commissioner of Internal Revenue disallowed this deduction and determined a deficiency of $1,394.59 as to each. The Board of Tax Appeals affirmed the Commissioner, rendering a memorandum opinion, which is unreported. There is no dispute as to the material facts, which may be briefly stated, as follows:

J. A. Walker was president of Walker-Smith Company engaged in the wholesale grocery business, in Brownwood, Tex. He customarily donated about 15 per cent. of his annual income to religious, educational, and charitable institutions. He formed a number of trusts for this purpose. His method was to set up a credit for the trust on the books of the grocery company. One of these trusts was known as the John T. Yantis Trust. Walker was interested in the completion and the construction of the First Baptist Church at Amarillo, Tex., and desired to contribute to it, if his aid was needed. The church was practically completed at the end of 1930. On December 29, 1930, Walker wrote the following letter to C. Y. Early, who was connected with the grocery company:

"Ten Thousand Dollars ($10,000.00) has been credited to-day to your account as Trustee and charged to my account.

"I desire the above sum be distributed by you during the coming year for religious and educational purposes or both, as I may specifically request in detail, or upon my failure to do so, that same shall be made available to Jno. T. Yantis, Trustee, to be used in keeping with the Trustee Agreement previously executed and delivered to him."

$10,000 was charged to Walker's account on the books of the grocery company and credited to the account of C. Y. Early, trustee. No part of this particular trust fund was distributed in 1930 and at the end of December, 1931, it was made available to the John T. Yantis Trust by appropriate entries on the books of the grocery company.

The board held that during the taxable year 1930, C. Y. Early was a mere agent of petitioner and not a trustee in reference to the $10,000 item disallowed; that the agency was revocable at the will of petitioner and therefore during that year petitioner had not completed any gift of that fund by irrevocable transfer of his title, dominion, or control over it.

It is not questioned that Walker was entirely in good faith in making the donation to Early as trustee and intended that all or Baptist Church, if needed, and no doubt Early so understood. However, the testimony in the record does not support the conclusion that an oral trust was created and under the terms of the letter to Early the disposition of the fund was not left to the discretion of Early but could be changed by Walker. It is essential to a valid donation that the donor shall divest himself of title and control of the fund without power of revocation. Allen-West Commission Co. v. Grumbles (C.C.A.) 129 F. 287; Edson v. Lucas (C.C.A.) 40 F.(2d) 398.

The allowance of a deduction from gross income is a matter of grace and a taxpayer seeking a deduction must bring himself squarely within the terms of the statute. New Colonial Ice Co. v. Helvering, 292 U. S. 435-440, 54 S.Ct. 788, 790, 78 L.Ed. 1348. The deduction was claimed under the provisions of section 23 of the Revenue Act of 1928 (26 U.S.C.A. § 23 and note) which allow deductions for donations to the classes of donees named. In order to obtain the benefit of the Early trust as a donation, it was necessary that Walker should have divested himself irrevocably of title and control over the fund within the taxable year 1930. This he did not do.

We concur in the decisions of the Board. The petitions are denied and the judgments of the Board are affirmed.