### HAVEMEYER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 315.

Circuit Court of Appeals, Second Circuit.

July 25, 1938.

Henry B. Closson and William M. Sperry, 2d, both of New York City, for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, and Lee A. Jackson, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This petition for the review of a decision of the Board of Tax Appeals was brought to this court under a stipulation for change of venue, duly approved, which was entered into under the provisions of Sec. 1002 (b) of the Revenue Act of 1926, as amended, 48 Stat. 680, 760, 26 U.S.C.A. § 641 (b).

The question presented is whether the petitioner was entitled, under the provisions of Sec. 23 (n) (2) of the Revenue Act of 1932, 26 U.S.C.A. § 23 note, to a deduction for contributions he made in that year to an unincorporated association known as the United Special Aid Association. The Commissioner decided that he was not entitled to the deduction and determined the deficiency by adding the amount claimed to his gross income. The Board of Tax Appeals upheld the action of the Commissioner.

The United Special Aid Association was formed in 1918 by the petitioner, members of his family, and a close business associate. It was organized in compliance with the law regulating the formation of unincorporated associations and, to quote from its articles of association, "in order to unify and co-ordinate the charitable activities of themselves and other persons who may hereafter become members of this Association" and "to be operated exclusively for charitable purposes". Its members comprised the original signers of the articles of association to whom might be added such other persons as might be elected by a majority vote of the Board of Managers. A member was bound to pay annual dues of five dollars and was otherwise free to contribute or not as desired. The Board of Managers consisted of five persons to be elected at each annual meeting of the Association and the first such board was made up of the petitioner, his two brothers and the business associate. There has been held no annual meeting of the Association since its formation. Under a provision making three a quorum of the Board of Managers, the petitioner and two others have been in actual charge of its affairs. From the time it was formed and up to the year 1932, the Association had received $47,975.87 and had distributed the sum of $46,992.23. In 1932 it had nine members who contributed $3,618.85 of

which the petitioner gave $2,257.60. That is the deduction he claimed which was disallowed. During 1932, the Association assisted nine indigent and deserving individuals. None of them were related to any of the members by blood or marriage and no member was under any legal or equitable obligation to contribute to the support of any of the beneficiaries who, though it was customary for a contributor to suggest the person to be aided, were all designated by the Board of Managers. They were mainly, though not entirely, old family retainers and all were needy and worthy.

The constitution of the Association provided in part that: "The purpose of this Association shall be to collect funds and therefrom to give relief to such indigent and deserving persons as the Board of Managers may from time to time consider to be in especial need of the bounty of the Association. No payment shall be made from the funds of the Association to or for the use of any officer, manager, or member of the Association." The provisions of the constitution have at all times been carried out in good faith and the books and records of the Association have always been kept without expense to it. The meetings of its Board of Managers have been held in the offices of Havemeyer & Elder, Inc., which is a corporation of which the members of the board who have been in active charge are officers.

The above mentioned statute relied upon in support of the deduction claimed, Sec. 23 (n) (2) of the 1932 Act, 26 U.S.C.A. § 23 note, provides that in computing the net income of an individual there shall be allowed as deductions the contributions or gifts made within the taxable year to or for the use of; "a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *".

No claim is made that the contribution made by the petitioner to the Association exceeded the proportion of his income deductible under the above statute if made to a charitable organization therein designated but the theory on which the deduction was disallowed and its disallowance upheld by the Board was that this Association served but as a means for facilitating the bestowal of private bounties and could not be classed as a charitable association within the meaning of the statute.

It is true that the beneficiaries who were actually designated by the Board of Managers were all personally known to one or more members of the Association and were people who might perhaps have been given aid by one or more of them had the Association not been in existence but that does not change the character of the Association itself. That was as extensive in charitable scope within the ranks of the indigent and deserving public as its means and the discretion of its Board of Managers might make it. Its activities were exclusively charitable within the statutory meaning of that term. Harrison v. Barker Annuity Fund, 7 Cir., 90 F.2d 286, 289; Gimbel v. Commissioner, 3 Cir., 54 F.2d 780; Bok v. McCaughn, 3 Cir., 42 F.2d 616. And they were all of the kind it was organized to conduct as shown by the articles of association and within the limitations of its constitution. Having been organized to perform exclusively acts of charity and having performed such acts and no others, this Association in form and fact was a charitable association of the kind named in Sec. 23 (n) (2) of the Revenue Act of 1932, 26 U.S.C.A. § 23 note. It had no net earnings so far as appears and certainly no part of them, if it had any, inured to the benefit of any private shareholder or individual having a personal and private interest in the activities of the Association. See, T. R. 77; Art. 527. Consequently gifts made by individuals to the Association within the taxable year were deductible in computing the net income of the petitioner.

Reversed.

L. HAND, Circuit Judge (dissenting).

It seems to me that this was not the kind of charitable association that the statute had in mind. Practically, it was a pool of the charitable contributions of the Havemeyer family, distributed by two of them—the petitioner being one—helped by a business associate. True, it does not expressly appear that any member of the family could insist upon his contributions going to an especial person, and in law no doubt he could not; but I cannot believe that practically this was not the case. I am not altogether clear that a taxpayer

might deduct a contribution even to a standard charitable association, if in advance he were to exact an agreement that it should be devoted to a particular person. If the association asks him for special funds, of course, he may; but I am speaking of a case where he uses it merely as a conduit. However that may be, it was an inference which the Board might make that here this association was nothing else but a conduit. While the family was to manage the pot through three managers, of whom the petitioner was only one, I cannot take seriously the possibility that, at least as to his own contributions, his two associates would have attempted to gainsay any distribution he wished. It is significant for example that his and his wife's distributions for 1932 just used up his contributions. As to him anyway and to the extent of the deductions now claimed, I think this association was pro hac vice merely a conduit. In general I believe that we ought not to countenance avoidance of taxes by the perpetual device of a corporation, organized only in form, and not in reality, for the purposes intended by a statute.