## SCHOELLKOPF v. UNITED STATES.

### No. 1723 A.

District Court, W. D. New York.

Jan. 17, 1941.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Courtnay C. Hamilton, Sp. Assts. to Atty. Gen., and George L. Grobe, U. S. Atty., of Buffalo, N.Y. (R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N.Y., of counsel), for defendant.

KNIGHT, District Judge.

This action is brought for the recovery of income tax and interest thereon allegedly illegally assessed and collected for the calendar year 1929. After payment of the tax, plaintiff filed a claim for refund which was disallowed by the Commissioner of Internal Revenue.

During the year 1929, the taxpayer transferred, without consideration, 500 shares of the capital stock of Drug, Inc., to the Old Colony Trust Co., of Boston, Mass., as trustee under a trust indenture dated November 12, 1928, between the taxpayer, the Old Colony Trust Company, and the Marine Trust Company of Buffalo. The stock had a fair market value of $57,937.50 at the time of the transfer. In his return the taxpayer made a deduction of $20,167.31, this being the difference between other deductions claimed and the 15 per cent statutory limitation on deduction for charitable contribution. A deficiency of $4,037.47 was determined as the result of disallowance of the deduction for the reason that the contribution was not considered by the Commissioner to be within Section 23(n) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev. Acts, page 358.

On November 12, 1928, the taxpayer named the Marine Trust Company, trustee of a fund which will be referred to as the "Buffalo Trust", the income of which was to be paid to him for life. Upon his death the trustees were directed to make a payment of principal to descendants of a grandson and provide for certain annuities. It was also provided

that the Trustee should pay any bequest, 'other than the residuary bequest and any inheritance or estate taxes or other debts of grantor which his estate might not be adequate to pay, waiving any claims against his estate by reason of inability to return any securities borrowed from the Trustee.

After paying up to a specific amount of income to trustor's wife, the balance of income was to be distributed as follows: Twenty-five thousand per annum was to be paid to the Buffalo Foundation to be accumulated in a fund known as "The Schoellkopf Library Fund of the University of Buffalo"; $12,500 was to be paid to the Buffalo Foundation for its general purposes, and the rest paid to the Buffalo Foundation for the "Jacob F. Schoellkopf Fund." This trust agreement was revocable by plaintiff during his lifetime except as to the provision for the University of Buffalo.

The trust created under the agreement with the Old Colony Trust Company of Boston will be referred to as the Boston Trust. It provided for a charitable trust in perpetuity to be interpreted under the laws of Massachusetts, with income to be added to principal for a period of 100 years at which time one-half of the principal should be transferred to the Marine Trust Company as Trustee for the Buffalo Foundation, under the provisions of the so-called Buffalo Trust, the remainder to be accumulated for further periods of 50 years at the end of each of which a like disposition should be made. The Boston Trust was made irrevocable, grantor reserving only the right to supplement or modify the provisions regarding the method of administration, the method of determining beneficiaries and the period for the accumulation and dates for distributions of the principal.

Certain modifications of these agreements were made subsequent to their execution but the same have no effect upon this action and need not be set forth.

The Buffalo Foundation is a trust operated exclusively for charitable and educational purposes and the University of Buffalo is a corporation organized and operated exclusively for educational purposes, no part of its income accruing to the benefit of any private individual or stockholder.

Section 23 of the Internal Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 356, provided that in computing net income there should be allowed as a deduction contribution or gifts made within the taxable year to any corporation trust, fund or foundation organized and operated exclusively for religious, charitable, scientific, no part of the earnings of which inures to the benefit of any private shareholder or individual.

It is the contention of defendant that the gift in question does not fall within the scope of the above-mentioned section for the reason that grantor has not put it beyond his power to recapture the funds or to divert them to noncharitable beneficiaries. Defendant asserts that the trust funds, when transferred from the Boston Trust would be held by the "ultimate trustee" subject to the terms of the Buffalo trust. The argument assumes that such funds would be subject to all of the terms of the Buffalo Trust and not only those terms having reference to the Buffalo Foundation. From this premise it is urged that by shortening the accumulation periods grantor could make the principal of the trust payable over to the Marine Trust Company almost immediately and that it would then become subject to the provisions whereby grantor could borrow trust securities with no obligation to account for them, or could bequeath such sums that trust funds would be required to pay the legacies or could contract such debts as would require the use of trust property to satisfy them. It is also noted that the residual trust in favor of the Buffalo Foundation under the Buffalo Trust agreement provides that if, in the judgment of the Governing Committee of said Buffalo Foundation, any worthy descendants of grantor's father are entitled thereto, they may be the beneficiaries of such financial assistance as may be needed to complete their education or properly maintain and support them.

The Boston Trust is a non-revocable charitable trust in perpetuity with income payable to the Ultimate Trustee as Trustee for the Buffalo Foundation under the provisions of the Buffalo Trust, or, if that be not in effect, then under the resolution establishing the Buffalo Foundation. If the said income is payable to the use of the Buffalo Foundation then the gift of the stock to the Trustee under the Boston Trust comes within the exemption as claimed. The inquiry must be directed to determining whether the words

"under the provisions of said Indenture of Trust" (the Buffalo Trust) contemplate turning over the accumulated trust income for the purposes of the Buffalo Foundation solely or for all the purposes of the Buffalo Trust, including those provisions intended to provide non-charitable gifts.

There appears to be no reason why the Trustee under the Buffalo Trust cannot hold funds for administration under the trust indenture generally and other funds specifically as Trustee for the Buffalo Foundation. Indeed, the agreement provides that, prior to the termination of the trust for private purposes, a part of the income shall be set aside each year for the purposes of the Foundation. Such income must be held as a separate fund by the Trustee pending receipt of directions for distribution from the Governing Committee. This concept of a plurality of holdings opens the way for visualization of one fund held by the Trustee subject to the non-charitable provisions, the remainder of which fund will be added to another fund held by the Trustee free from the non-charitable provisions. Thus there may be one fund, under the Buffalo Trust, which may be diverted to grantor or to non-charitable uses, and another which is held, through the Boston Trust, subject to use for the purposes of the Buffalo Foundation only. This second fund would not be subject to the provisions for payment of principal to descendants of the grandson of plaintiff, annuities, or the provisions regarding bequests, taxes, debts or borrowed securities. That being so, no control would lie in the plaintiff to permit diversion of the trust funds to non-charitable purposes.

That this was the intent of plaintiff is indicated by several details of the Buffalo Trust agreement. In the Seventh paragraph thereof the plaintiff twice refers to the Marine Trust Company "as Trustee under the indenture, and as Trustee for said Buffalo Foundation." These references appear relative to the grant of powers applicable to both funds. However, where powers exercisable only with respect to non-charitable funds are set forth, for example with regard to the power to borrow securities and the right to vote upon stock, reference is made only to "the Trustee". This would seem to indicate that plaintiff intended that the trust should be construed as set forth above. Here as in Knapp v. Hoey, 2 Cir., 104 F. 2d 99, there is no power retained in the settler of divesting the trust property to himself or to any non-charitable or non-educational purpose. The language of the opinion in this case is in point here in several respects. The instant case seems even stronger in support of the exemption. It will be borne in mind that we refer in this connection to the fund held through the Boston Trust for the use of the Buffalo Foundation and not the fund of the Buffalo Trust which may be diverted.

Under such a finding, the case of Donner v. Commissioner, 40 B.T.A. 80, becomes a case in point, since in that case it was found that no power was reserved in the donor to revest either the corpus of the trust or the income in himself. The court there distinguished Walker v. Commissioner, 5 Cir., 91 F.2d 297, cited by defendant, on the ground that the facts showed that "the trustee" was, in fact, an agent, functioning under revocable authority.

With regard to the provision of the Buffalo Trust to the effect that any worthy descendants of the grantor's father may be beneficiaries of funds in the hands of the Buffalo Foundation when they need financial assistance to complete their education or for their proper maintenance and support, it need only be said that the Buffalo Foundation is limited to charitable and educational purposes and that these individuals may be included in the distribution of the funds only when their condition is such that they are in need of charity or fall within the scope of the purposes of the Foundation as to grants for education. Inclusion of a special designation of beneficiaries does not invalidate the trust, Havemeyer v. Commissioner, 2 Cir., 98 F.2d 706, even though the designated beneficiaries be relatives. Matter of MacDowell's Will, 217 N.Y. 454, 112 N.E. 177, L.R.A.1916E, 1246, Ann.Cas.1917E, 853.

A trust when made can only be revoked or modified as provided therein. Authors Club v. Kirtland, 248 App.Div. 82, 288 N.Y.S. 916. Retaining of supervisory direction regarding investments does not make the fund taxable. Norris v. Jones, D.C., 31 F.Supp. 463. The right to change beneficiary does not make a revocable trust. Donner v. Commission-

er, supra. Exemptions of income devoted to educational and charitable purposes are not to be narrowly construed. Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L. Ed. 246, 95 A.L.R. 207; Kibbe v. City of Rochester, D.C., 57 F.2d 542; Roche's Beach, Inc., v. Commissioner, 2 Cir., 96 F.2d 776; Faulkner v. Commissioner, 112 F.2d 987.

The court finds that the proceeds of the Boston Trust are payable to the Marine Trust Company as Trustee for the Buffalo Foundation and not as Trustee under the Buffalo Trust agreement. The gift to the Boston Trust was a charitable gift, no part of which could be recaptured by the grantor and no part of the income of which inured to the benefit of the grantor or any private individual. The plaintiff was entitled to deduct the amount of said contribution, subject to the limitation to fifteen percent of the taxpayer's net income and the tax in question was improperly assessed and collected.

Plaintiff is entitled to recover the taxes paid with interest and costs and judgment may be entered accordingly.

This decision may be treated as sufficiently meeting the rule as to Findings. However, if the foregoing is not sufficiently specific as to Findings, others in accord herewith may be submitted to be made part of this decision.